IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOMINGO PIMENTAL,

      Petitioner,

    v.                                  CIVIL ACTION NO. 5:14cv75
                                            (Judge Stamp)

TERRY O'BRIEN, Warden

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 2, 2014, the petitioner filed a *pro se* petition for Habeas Corpus Pursuant to 28 U.S.C.

§2241. On June 23, 2014, he paid the $5.00 filing. The petitioner is a federal inmate housed at USP

Hazelton and is challenging the validity of his conviction imposed by the United States District Court

for the Southern District of New York. This matter is pending before me for a Report and

Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

After a jury trial in the United States District Court for the Southern District of New York, the

petitioner was convicted on three counts: (1) interfering with the federally protected activities of a

government informant, by killing him, in violation of 18 U.S.C. § 245(b)(1)(B); (2) retaliating against

the same informant by killing him, in violation of 18 U.S.C. § 1513(a)(2) (1988); and (3) jumping bail,

---

[1]Because the petitioner was convicted in 1991, the undersigned was unable to access much information from his underlying criminal case. However, he filed a direct appeal, and the published opinion provides more than ample information from which to address this matter. See United States v. Pimental, 979 F.2d 282 (2nd Cir. 1992). The Supreme Court denied certiorari on June 1, 1993. See Pimental v. United States, 508 U.S. 956 (1993).

in violation of 18 U.S.C. § 3146(a)(1988). On December 5, 1991, he was sentenced to life imprisonment on count one, a concurrent term of ten years imprisonment on count two, and fifteen months' imprisonment on count three to run consecutively to the other sentences.

The evidence supporting the jury verdict, the sufficiency of which was not challenged, showed that after the petitioner pleaded guilty to federal counterfeiting charges and was released on bail, he killed Juan Guerrero, an informant who had provided critical evidence against him. Prior to the killing, the petitioner informed a companion that Guerrero was a snitch, and that he would kill him if he ever found him. On the day after he pleaded guilty, the petitioner found Guerrero in the South Bronx and beat him to death with a baseball bat, crushing his skull and breaking virtually every bone in his face.

Following his direct appeal, the petitioner filed a Motion to Vacate his conviction on the grounds that the Government was in possession of exculpatory evidence at the time of trial that was not produced to the defense. Following a review of the entire record, and the petitioner's motion to vacate, the district court concluded that there was not support for his claim of Brady violations. Accordingly, his motion to vacate was denied. See Pimental v. United States, 1998 WL 50142 (S.D. New York, February 9, 1998). On April 1, 1998, the Court rejected the petitioner's application for a certificate of appealability ("COA"). On October 26, 1999, the Second Circuit also denied him the COA, finding that he had failed to make a substantial showing of the denial of a constitutional right.

Thereafter, the petitioner moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the 1998 denial of his habeas petition. In principal, he raised three grounds for relief. First, he claimed that the Court applied an incorrect standard when it considered his petition. Second, he claimed that the Court denied him due process by deciding his habeas petition without first holding an evidentiary hearing. Third, he claimed that additional newly discovered evidence demonstrated his innocence and that the Government committed fraud and violated its Brady obligation by failing to

disclose this evidence at trial. The district court denied the petitioner's Rule 60(b) motion as to his first two grounds. With respect to his claim of newly discovered evidence, the court found that a Rule 60(b) motion was the wrong vehicle to bring this claim. As noted by the court, Rule 60(b) is "only available with respect to a previous habeas proceeding when the motion challenges the integrity of the habeas proceeding. The rule cannot be used to attack the underlying criminal conviction." The court further noted that any attack on the petitioner's conviction must be brought in a second habeas petition, and he must first move in the Court of Appeals for an order authorizing the sentencing court to consider a second petition. Accordingly, the Rule 60(b) motion was denied. See Pimental v. United States, 2008 WL 2151796 (S.D. New York, May 21, 2008.

## III. <u>ANALYSIS</u>

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due

to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner, alleges that he was improperly convicted under 18 U.S.C. § 245(b)(1)(b), because the statute requires a racial or discriminatory motive that was neither alleged nor proven. The petitioner notes that because he is, and his victim Guerrero was, Hispanic, count one did not charge and the government did not prove a violation of 245(b)(1) and count one should have been dismissed. The petitioner further maintains that the decision in Whiteside v. United States, 2014 WL 1364019 (4ᵗʰ Cir. April 8, 2014), is an intervening change in substantive law that seriously calls into question whether the district court's decision has resulted in his conviction and punishment for an act that law does not make criminal and constitutes a complete miscarriage of justice. (Doc. 1-1, p. 6). In effect, the petitioner is alleging that he is actually innocent of Count One of the indictment.

However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) (

petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain  criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones.   Therefore, because the petitioner clearly attacks the validity of his conviction, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in Whiteside is misplaced.  The ruling in that case provides that equitable tolling of the one-year limitations period for motions to vacate, set aside, or correct sentences is limited to cases where, due to circumstances external to petitioner's own conduct, it would be unconscionable to enforce the limitation period against petitioner and gross injustice would result. It has no application to the savings clause and does not permit the petitioner to seek to have his conviction vacated by this court in a § 2241 petition.

Finally, it should be noted that the petitioner is attempting to  relitigate the same issue he presented in his direct appeal of his conviction and continues to misunderstand the statute under which he was indicted and convicted. As in direct appeal, the petitioner contends that he was improperly convicted under 18 U.S.C. § 245(b)(1)(B) because the statute requires a racial or discriminatory motive. Again, the petitioner contends that because he is, and his victim Guerrero was, Hispanic, count one did not charge and the government did not prove a violation of § 245(b)(1).

Section 245 of Title 18, entitled "Federally protected activities," proscribes the deprivation, by

---

"A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors).   Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

injury, interference or intimidation, of various constitutional rights.  Subsection (b) (1) provides:

> (b) Whoever, whether or not acting under color of law, by force
>  or threat of force willfully injures, intimidates or interferes with,
> or attempts to injure, intimidate or interfere with –
>
> (1) any person because he is or has been, or in order to intimidate
> such person or any other person or any class of persons from –
>
>> (B) participating in or enjoying any benefit, service,
>> privilege, program, facility, or activity provided or
>> administered by the United States....

The Second Circuit clearly noted that nothing in this language even suggests, let alone requires, that

there must be a discriminatory motive for interference with the victim's federal rights.[3]

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED**

**WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party

may file with the Clerk of the Court, written objections identifying the portions of the Recommendation

to which objections are made, and the basis for such objections.  A copy of such objections should also

be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file

objections to the Recommendation set forth above will result in waiver of the right to appeal from a

judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474

---

[3]The Second Circuit went on to note that when Congress intended to require such a discriminatory motive, it said so clearly and unequivocally. The next section of the statute, § 245(b)(2), prohibits interference with or intimidation of "any person because of his race, color, religion or natural origin and because he is or has been" exercising any of the various enumerated rights including enrolling in a public school, serving as a state court juror, traveling or using any facility in interstate commerce, or participating in state administered programs.  The Second Circuit concluded that the lack of a similar explicit discrimination requirement in subsection (b)(1) was strong evidence that subsection (b)(1) does not contain a discriminatory motive requirement.

U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 7-3-2014

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE