IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOMINGO PIMENTAL,

    Petitioner,

v.                                         Civil Action No. 5:14CV75
                                                       (STAMP)

TERRY O'BRIEN, Warden,

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On June 2, 2014, Domingo Pimental ("Pimental") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the savings clause applies as he is actually innocent. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Southern District of New York. The petitioner was convicted of (1) interfering with a government informant by killing him in violation of 18 U.S.C. § 245(b)(1)(B), (2) retaliating against a government informant by killing him in violation of 18 U.S.C. § 1513(a)(2) (1988), and (3) jumping bail in violation of 18 U.S.C. § 3146(a) (1988).

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

In his petition, the petitioner does not contend that he did not kill the government informant but rather argues that he is actually innocent because he killed the government informant without any racial or discriminatory intent as he and the informant were both of Hispanic descent. Further, Pimental asserts that the sentencing court erroneously enhanced his sentence by applying United States Sentencing Guideline ("U.S.S.G.") § 2H1.1.

This petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Trumble entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. First, the magistrate judge found that the Jones requirements were not met in this case because the crime of which the petitioner was convicted remains a criminal offense. Second, the magistrate judge found that even if the petitioner could survive Jones, he is incorrectly invoking a United States Court of Appeals for the Fourth Circuit case, Whiteside, for his position that the law has changed since his conviction. The magistrate judge reasoned that because Whiteside has no application to the savings clause, it is not applicable to this case. Lastly, the magistrate judge noted that the petitioner is attempting to relitigate the same issue he

2

presented on direct appeal and that the United States Court of Appeals for the Second Circuit has already found, correctly, that there is no language in the underlying criminal statute that suggests a racial or discriminatory motive is an element of the offense for which the petitioner was convicted.

In his objections, the petitioner does not object to the magistrate judge's finding as to the petitioner's argument that he did not act with a racial or discriminatory motive. Rather, the petitioner objects to the magistrate judge's disregard for his argument that the sentencing court incorrectly applied a sentencing enhancement for first degree murder under U.S.S.G. § 2H1.1 and the magistrate judge's misapplication of <u>Whiteside</u> in consideration of that enhancement. The petitioner asserts that in order to receive the enhancement, he was entitled to jury consideration of the enhancement and what sentence he would receive because he was not charged with first degree murder.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the

petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The "savings clause" in § 2255 permits certain claims to be brought under § 2241. The magistrate judge, however, reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5

(citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge noted, the crimes for which the petitioner was convicted remain criminal offenses and thus the second element of Jones cannot be met and thus, the petitioner is barred from bringing his claim of actual innocence.

Further, this Court also agrees with the magistrate judge's finding that Whiteside v. United States, 2014 WL 1364019 (4th Cir. Apr. 8, 2014), is not applicable as it did not address the savings clause. However, even if this Court were to consider the petitioner's argument that the sentencing court incorrectly applied a sentencing enhancement for first degree murder under U.S.S.G. § 2H1.1, the petition must still be denied.

The petitioner provides part of the sentencing transcript wherein the sentencing judge goes through his reasoning for

applying U.S.S.G. § 2H1.1 as if the petitioner had been charged with first degree murder. Under Application Note 1 of U.S.S.G. § 2H1.1, the offense guideline applicable to any underlying offense includes any conduct established by the offense of conviction. The sentencing judge found that through the jury trial, it had been proven that the petitioner committed first degree murder and thus, although it was not charged, the enhancement could apply. Thus, the petitioner's argument is invalid as the sentencing judge was within his discretion of finding the first degree murder had been proven during the jury trial. Further, this claim is likely time barred as the petitioner did not raise it in his petition pursuant to 18 U.S.C. § 2255 and a review of the Second Circuit's opinion as to his direct appeal also shows that it was not raised on direct appeal.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE